PEOPLE v THOMPSON

1. Criminal Law—Sentence—Presentence Consultation.
   Consultation with other judges to consider the defendant's claimed compulsive gambling habit prior to sentencing the defendant was not error where the sentencing judge made it clear that the consultation was limited to an advisory discussion and that the sentence imposed was his sole decision.

2. Criminal Law—Sentence—Presentence Report.
   The sentencing judge was not required to reject a presentence report nor order additional examination and conclusions where the report received contained no psychiatric conclusion concerning a requested investigation of the defendant's claimed trauma-induced irresistable impulse to gamble.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 April 10, 1972, at Detroit. (Docket No. 11910.) Decided May 1, 1972. Leave to appeal denied, 388 Mich 754.

Lindsey R. Thompson was convicted, on his plea of guilty, of assault with intent to rob. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Donald B. Lifton (Carl Levin,* of counsel), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 303.
[2] 21 Am Jur 2d, Criminal Law §§ 303, 304.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

Per Curiam. Defendant entered a plea to a reduced charge of assault with intent to rob. MCLA 750.89; MSA 28.284. He appeals of right.

The examination of the accused, prior to the acceptance of the plea, covers 26 pages of transcript; the proceedings before sentencing, an additional 27 pages. The court delayed sentencing to obtain a requested psychiatric examination and report. It is further of record that the conscientious trial judge, in considering the claimed compulsive gambling habit, consulted with other judges of the Wayne Circuit bench in what amounted to a presentence advisory conference. Judge Wise made it clear, however, that the consultation was limited to an advisory discussion and that "the sentence is mine and mine alone".

So painstaking was the examination by the court that defense counsel apparently grew restive, and the court reminded him, "Well, I know that you are in a hurry, counsel, but I am sentencing a man".

The resultant report did not address itself to a claimed compulsive addiction to gambling and a consequential irresistible impulse to rob. It seems to be the thrust of appellate counsel's argument that the trial judge was somehow or other obliged to send it back, or order another examination for specific findings in this respect.

We decline to assume that because a requested psychiatric evaluation contained no finding concerning a suggested trauma-induced irresistible impulse, the examining psychiatrist simply disre-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

garded it. The trial judge was not obligated to reject it, or required to order additional examination and conclusions.

Every possible phase of court rule and case precedent requirement of guilty plea acceptance was covered in this case.

The *"Jaworski"* issue raised by a supplemental brief is simply not factually present in this record.

We find no error. Affirmed